UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RITA TALBERT,<br><br>  Plaintiff,<br><br>  v.<br><br>AMAZON RETAIL LLC,<br><br>  Defendant. | No. 2:24-cv-03400-DAD-JDP<br><br>ORDER GRANTING THE PARTIES' REQUEST TO STAY THIS ACTION<br><br>(Doc. No. 8) |

On January 2, 2025, the parties filed a joint stipulation to stay this action pending the resolution of an earlier-filed wage-and-hour class action in the United States District Court for the Central District of California, *Chicas v. Amazon Retail LLC*, Case No. 2:24-cv-10306-FMO-SSC (C.D. Cal.) ("the *Chicas* action"). (Doc. No. 8.) In their request, the parties state that "the plaintiffs in *Chicas* assert substantially similar claims to those asserted by Talbert in this action and seek to represent a putative class composed of 'all current and former non-exempt employees of [Amazon Retail] in the State of California at any time within the period beginning [September 25, 2020] and ending at the time this action settles or the class is certified,' *Chicas* Compl. ¶ 6, which includes the overwhelming majority of Talbert's putative class and Talbert herself . . . ." (Doc. No. 8 at 2–3) (alterations in original). The parties argue that "the interests of efficiency and judicial economy would be served by staying this action" in light of "the overlap between the claims at issue in *Chicas* and this case . . . ." (*Id.* at 3.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. INS*, 514 U.S. 386, 411 (1995) (Breyer, J., dissenting) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'") (quoting *Landis*, 299 U.S. at 254); *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55); *see also Ernest Bock, LLC*, 76 F.4th at 842. A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

The court concludes that the possible damage which may result from the granting of a stay here is minimal in light of the parties' stipulation. Furthermore, the court concludes that "the orderly course of justice," *CMAX*, 300 F.2d at 268, and considerations of "economy of time and effort for [the court], for counsel, and for litigants," *Landis*, 299 U.S. at 254, weigh strongly in favor of staying this action given the overlapping nature of the claims at issue in the *Chicas* action and this case.

Accordingly, the parties' joint request to stay this action (Doc. No. 8) is granted. The parties shall file a joint status report within 90 days from the date of entry of this order, and every 90 days thereafter, informing this court as to the status of the related proceedings in the *Chicas*

1  action. In addition, the parties shall file a notice informing this court that a final judgment has
2  been entered in the *Chicas* action within fourteen (14) days of entry of that judgment by the
3  district court.

4       IT IS SO ORDERED.

5  Dated:   **January 10, 2025**                 /s/ Dale A. Drozd
6                                       DALE A. DROZD
                                       UNITED STATES DISTRICT JUDGE